**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

155030 CANADA, INC.,           :
                             :
         Plaintiff,         :
                             :
    v.                      : Civil Action No. 04-1972 (JR)
                             :
MAGNET 4U CO., LTD.,        :
                             :
         Defendant.         :

**<u>MEMORANDUM</u>**

In an order issued January 31, 2006, granting plaintiff's motion for summary judgment of non-infringement, I called for "citations to authority for the proposition that a patent issued by the U.S. Government can be declared invalid upon the entry of a default judgment in a litigation between private parties." The authorities plaintiff has now offered are persuasive for the proposition that I have the power to issue such an order, but not for the proposition that I should do so in this case. In <u>Massa v. Jiffy Products Co.</u>, 240 F.2d 202 (1957), the Ninth Circuit acknowledged that Rule 55(b) provides for hearings or references and trial by jury when and as required, and further acknowledged the presumption of validity surrounding patents, but waved all of that away, observing with approval that the trial court "had before it a verified complaint containing well-pleaded averments, which it <u>evidently thought</u> had overcome the presumption of validity with the patent and in the exercise

of its discretion, concluded that the taking a further evidence was unnecessary." (Emphasis added.)[1]  In <u>ArtMatic U.S.A. Cosmetics v. Maybelline</u>, 906 F. Supp. 850 (E.D.N.Y. 1995), the Court dealt with the "widely-accepted doctrines that default judgments generally do not have preclusive effect, and that judgments of patent invalidity generally apply to third parties only when the issue has been 'fully and fairly litigated,'" <u>id</u>. at 858, but in doing so acknowledged the Supreme Court's notation in <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313 (1971), that "the decision of whether to apply collateral estoppel [against the patent owner] must be made on a case by case basis" and that the decision will "necessarily rest on the trial court's sense of justice and equity," 906 F. Supp. 856.

I have taken no testimony, have made no investigation, and am in no position to make findings as to the validity of the patent involved in this case.  Nor can I foresee whether some future court might find that the defendant here had a full and fair opportunity to litigate the validity question and simply refused to do so, or refused to employ counsel properly admitted or admittable to the Bar of this Court.  The default judgment

---

[1]    Those good old days, in which courts of appeal gave trial courts the benefit of the doubt based upon what was "evident" from the record, are long gone.

that will be entered in this case will accordingly be confined to
the non-infringement issue.


                              JAMES ROBERTSON
                         United States District Judge